UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81572-CIV-MATTHEWMAN

JOSHUA L. BELLAMY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

FILED BY \_\_\_\_KJZ\_\_\_\_ D.C.

Sep 14, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**ORDER DENYING PLAINTIFF'S MOTION TO DECLARE SOCIAL SECURITY ADMINISTRATION ADMINISTRATIVE LAW JUDGES UNCONSTITUTIONAL AS VIOLATING THE APPOINTMENTS CLAUSE & REMAND FOR A NEW ADMINISTRATIVE HEARING [DE 25]**

**THIS CAUSE** is before the Court upon Plaintiff, Joshua L. Bellamy's ("Plaintiff") Motion to Declare Social Security Administration Administrative Law Judges Unconstitutional as Violating the Appointments Clause & Remand for a New Administrative Hearing ("Motion") [DE 25]. Defendant, Andrew Saul, Commissioner of Social Security Administration ("Defendant"), has filed a response [DE 28], and Plaintiff has filed a reply [DE 29]. This matter is now ripe for review.

**I.  MOTION, RESPONSE, AND REPLY**

**Plaintiff's Motion**

Plaintiff requests that this Court remand this case for an administrative hearing "with a duly appointed Administrative Law Judge in conformity with the Appointments Clause of the United States Constitution." [DE 25, p. 1]. Plaintiff asks the Court to rely on *Cirko on behalf of Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020), and *Sims v. Apfel*, 530 U.S. 103, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000), for the premise that this issue can be raised for the first time

1

before the District Court. *Id.* Plaintiff also relies on the recent case of *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), for its holding that ALJs are officers subject to the Appointment Clause. *Id.* at p. 2.

## Defendant's Response

Defendant first explains, that on July 16, 2018, the "Acting Commissioner of Social Security ratified the appointments of the Social Security Administration's (SSA) ALJs and approved those appointments as her own. *See* Social Security Ruling 19-1p, 84 FR 9582-02, 2019 WL 1202036, at *9583." [DE 28, pp. 1-2]. Defendant next points out that, on April 15, 2019, Plaintiff appeared for his hearing before ALJ Jonathan Sprague, and the ALJ's partially favorable decision became final on September 23, 2019, when the Appeals Council denied Plaintiff's request for reconsideration. *Id.* at p. 2. Defendant contends that "nowhere in Plaintiff's motion does he acknowledge the July 16, 2018 action by the Acting Commissioner of Social Security ratifying the appointment of SSA ALJs as her own…. Furthermore, nowhere in Plaintiff's motion does he acknowledge that ALJ Sprague was duly appointed by the Acting Commissioner on July 16, 2018, after the Lucia decision but before the hearing and decision in his case." *Id.* at pp. 2-3. Defendant asserts that Plaintiff's argument "is moot because he did have a hearing and received a decision from a SSA ALJ appointed by the department head." *Id.* at p. 3. Defendant also distinguishes the *Cirko* case. *Id.* at pp. 3-4.

## Plaintiff's Reply

According to Plaintiff, Defendant's argument in his response fails because "the Commissioner was powerless to provide a remedy under extant law because, a Head of Department's authority to appoint inferior officials 'is conditioned on Congress prescribing such means of appointment." [DE 29, p. 1]. Plaintiff asserts that, here, Congress has not done so. *Id.* He

2

again argues that Social Security Administration ALJs are "inferior officers subject to the Appointments Clause." *Id.* at p. 3.

## II. ANALYSIS

The Court has carefully reviewed *Lucia*, 138 S. Ct. 2044. The Supreme Court in that case did not specifically address the constitutionality of the appointment of ALJs working for the Social Security Administration ("SSA"). Nonetheless, following the *Lucia* decision, several Social Security claimants have challenged the status of SSA ALJs under the Appointments Clause. *See, e.g., Ramos v. Comm'r of Soc. Sec. Admin.,* No. 18-24519-CIV, 2020 WL 5096879 (S.D. Fla. Aug. 28, 2020) (denying the plaintiff's motion for summary judgment because the plaintiff failed to preserve her Appointments Clause challenge to SSA ALJs ); *Gagliardi v. Soc. Sec. Admin.*, 441 F. Supp. 3d 1284, 1287 (S.D. Fla. 2020) (finding that the plaintiff waived her Appointments Clause challenge made for the first time in her motion for summary judgment).

Plaintiff makes the same argument here that *Lucia* applies to Social Security Administration ALJs. However, it has been a well-established principle, even prior to *Lucia*, that Appointments Clause challenges must be timely made before an ALJ renders a decision. *See Ryder v. United States*, 515 U.S. 177, 182–183 (1995) (finding that only a claimant "who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to a decision on the merits of the question" because otherwise there would be "a disincentive to raise Appointments Clause challenges with respect to questionable judicial appointments.").

Thus, Plaintiff has forfeited his Appointments Clause challenge because he did not present this issue during the administrative proceedings. The Court acknowledges that there is no Eleventh

Circuit Court of Appeals decision directly on point.[1] However, district courts within the Eleventh Circuit have consistently determined that an Appointments Clause challenge must be raised *before* an ALJ's decision becomes final at the administrative level." *Ramos*, 2020 WL 5096879, at *5 (citing *Perez v. Berryhill*, No. 18-20760-CV, 2019 WL 1405642, at *4 (S.D. Fla. Mar. 28, 2019); *Moye v. Saul*, No. 19-CV-60332, 2020 WL 1433280, at *5 (S.D. Fla. Mar. 24, 2020); *Parker v. Berryhill*, 2019 WL 3097511, at *10-11 (S.D. Fla. July 15, 2019); *Burr v. Comm'r of Soc. Sec.*, No. 5:18-cv-518-Oc-18PRL, 2019 WL 3821572, *3-4 (M.D. Fla. May 17, 2019), *report and recommendation adopted*, No. 5:18-cv-518-Oc-18PRL, 2019 WL 3817486 (M.D. Fla. Aug. 14, 2019), *appeal dismissed sub nom.*, No. 19-14063-EE, 2019 WL 7586528 (11th Cir. Nov. 26, 2019); *Huebert v. Comm'r of Soc. Sec.*, No. 2:18-cv-761-FTM-MAP, 2019 WL 5206065, at *5 (M.D. Fla. Oct. 16, 2019); *Miaolino v. Comm'r of Soc. Sec.*, No. 2:18-cv-494-FtM-UAM, 2019 WL 2724020, at *7 (M.D. Fla. July 1, 2019); *Lopez v. Berryhill*, 2019 WL 1429632, at *5-7 (S.D. Fla. Mar. 29, 2019). Additionally, there are opinions out of the Eighth and Tenth Circuit Courts of Appeals that an Appointments Clause challenge must be raised before the Social Security Administration. *See Carr v. Comm'r, SSA*, 961 F.3d 1267 (10th Cir. 2020); *Davis v. Saul*, 963 F.3d 790 (8th Cir. 2020).

      Plaintiff argues that there should be no issue-exhaustion requirement for this type of Appointments Clause challenge and relies on the *Cirko* case to support his position. The Court has carefully considered *Cirko*, 948 F.3d 148, in which the Third Circuit Court of Appeals held that claimants do not need to present an Appointments Clause claim during Social Security Administration administrative proceedings, but instead may raise that claim for the first time in

---

[1] There are at least two pending appeals before the Eleventh Circuit Court of Appeals involving that threshold question—*Perez v. Comm'r of Soc. Sec.*, No. 19-11660 (11th Cir. Apr. 29, 2019) and *Lopez v. Acting Comm'r of the Soc. Sec. Admin.*, No. 19-11747 (11th Cir. May 3, 2019).

the district court. That decision, however, is not binding precedent and is not overridingly persuasive. *See Gagliardi*, 441 F. Supp. 3d at 1289 (rejecting the same argument that Plaintiff has made regarding *Cirko*)[2]; *see also Gonzalez*, 2020 WL 5123135, at *6 (rejecting the same argument that Plaintiff has made regarding *Cirko*). As explained above, "[t]he weight of district court authority in the Eleventh Circuit, joined by two of the three circuit courts of appeals to address this issue, holds that a petitioner waives a challenge to the constitutionality of an ALJ's appointment by failing to raise the challenge before the Social Security Administration." *Fletcher v. Saul*, No. 8:19-CV-1476-T-23AAS, 2020 WL 4188210, at *1 (M.D. Fla. July 21, 2020).

Furthermore, "in remanding the case to the SEC, the Court in *Lucia* observed that the petitioner had made a 'timely challenge' because he had previously challenged the validity of the SEC's ALJ before the SEC and the Court of Appeals. 138 S. Ct. at 2055." *Gonzalez v. Comm'r of Soc. Sec.*, No. 8:19-CV-2172-T-23JRK, 2020 WL 5123135, at *5 (M.D. Fla. Aug. 3, 2020), *report and recommendation adopted sub nom. Gonzalez v. Saul*, No. 8:19-CV-2172-T-23JRK, 2020 WL 5106679 (M.D. Fla. Aug. 31, 2020). Here, it is undisputed that Plaintiff did not raise the issue of the ALJ's appointment before the ALJ or the Appeals Council. [DE 25, pp. 13-17].

Finally, the case at hand is not one of "those rare cases" in which forfeiture should be excused. *Freytag v. Comm'r*, 501 U.S. 868, 879 (1991). "Appointments Clause claims, and other structural constitutional claims, have no special entitlement to review. A party forfeits the right to advance on appeal a nonjurisdictional claim, structural or otherwise, that he fails to raise at trial." *Id.* at 893-94 (Scalia, J., concurring in part and concurring in judgment).

---

[2] This Court agrees with the cogent analysis of the Honorable Beth Bloom, United States District Judge, regarding why the analysis in *Cirko* should be rejected. *Gagliardi*, 441 F. Supp. 3d at 1289-90.

The Court finds that Plaintiff has waived his argument regarding the constitutionality of the appointment of Social Security Administration ALJ.

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Plaintiff's Motion to Declare Social Security Administration Administrative Law Judges Unconstitutional as Violating the Appointments Clause & Remand for a New Administrative Hearing [DE 25] is **DENIED**. Plaintiff shall file his motion for summary judgment within 21 days from the date of this Order.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 14th day of September, 2020.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge