UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81572-CIV-MATTHEWMAN

JOSHUA L. BELLAMY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

FILED BY KJZ D.C.

Dec 28, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### ORDER DENYING PLAINTIFF'S MOTION TO AMEND PLAINTIFF'S COMPLAINT [DE 32]

**THIS CAUSE** is before the Court upon Plaintiff, Joshua L. Bellamy's ("Plaintiff") Motion to Amend Plaintiff's Complaint ("Motion") [DE 32]. Defendant, Andrew Saul, Commissioner of Social Security Administration ("Defendant"), has filed a response [DE 33], and Plaintiff has filed a reply [DE 34]. This matter is now ripe for review.

### I.  MOTION, RESPONSE, AND REPLY

#### Plaintiff's Motion

Plaintiff seeks to amend his Complaint to include a count for declaratory judgment. [DE 32, p. 2]. He wishes to have this Court declare "that the for-cause removal provision of 42 U.S.C. § 902(a)(3) causes the SSA to be structured unconstitutionally, in such a matter that violates the Separation of Powers doctrine." *Id.* Plaintiff relies on the recent decision of *Seila Law, LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020). *Id.* He further argues that it would have been futile for him to make this argument during the administrative proceedings since the Social Security Administration cannot alter federal statutes. *Id.* at p. 3. Plaintiff contends this is the first

1

time he could have raised this issue. *Id.* Attached to the Motion is the proposed First Amended Complaint [DE 32-1].

## **Defendant's Response**

In response, Defendant argues that "Plaintiff forfeited his separation of powers claim. And even if he had not forfeited the claim, he lacks standing to raise it and he is not entitled to the relief he seeks." [DE 33, p. 1]. Defendant argues that Plaintiff's amendment would be futile because "Plaintiff forfeited his claim by not raising it during the administrative proceedings," he "lacks standing to raise this separation of powers claim," and "the relief Plaintiff seeks is plainly inappropriate and inconsistent with his position regarding his substantive claim as outlined in his summary judgment motion." *Id.* at p. 3. Defendant further contends that "[u]nlike *Seila Law*, Plaintiff did not object to the structure of the SSA during his administrative proceedings, and just as with his Appointments Clause claim, he cannot raise this new claim for the first time in federal court." *Id.*

## **Plaintiff's Reply**

Plaintiff first replies that he has standing to bring the new claim under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). [DE 34, p. 1]. Next, he argues that there is no requirement that he exhaust his administrative remedies and that, even if such requirement did exist, raising the issue earlier would have been futile. *Id.* at pp. 1-2. Plaintiff further argues that he has met the requirements of Article III standing. *Id.* at p. 2.

## II. ANALYSIS

Federal Rule of Civil Procedure 15 states in relevant part that, unless a party is entitled to amend its pleading as a matter of course pursuant to part "a" of the Rule, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P.

2

15(a)(2). The Rule also states that "[t]he court should freely give leave when justice so requires." *Id.* In interpreting Rule 15(a), the Supreme Court has held that:

> In the absence of any apparent or declared reason–such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182 (1962). A "district court need not ... allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004)); *see also MOTDGD Ltd. v. Playwire, LLC*, No. 0:20-CV-60199-WPD, 2020 WL 5763464, at *1 (S.D. Fla. Aug. 26, 2020).

The Court finds that the proposed amendment would be futile and that the Motion should be denied. First, the Court previously found that Plaintiff forfeited his Appointments Clause challenge because he did not present the issue during the administrative proceedings. *See* DE 30. The situation here is analogous. It would be illogical to require Plaintiff to exhaust his administrative remedies and bring an Appointments Clause challenge during the administrative proceedings, but not require him to do the same for a different type of constitutional claim involving a separation of powers argument. Moreover, the current law in this District states that "Appointments Clause claims, and other structural constitutional claims, have no special entitlement to review. A party forfeits the right to advance on appeal a nonjurisdictional claim,

structural or otherwise, that he fails to raise at trial." *Gagliardi v. Soc. Sec. Admin.*, 441 F. Supp. 3d 1284, 1291 (S.D. Fla. 2020) (citing *Freytag v. Comm'r*, 501 U.S. 868, 893-94 (1991)) (Scalia, J., concurring in part and concurring in judgment); *Moye v. Saul*, No. 19-CV-60332, 2020 WL 1433280, at *6 (S.D. Fla. Mar. 24, 2020). Plaintiff is attempting to bring a "structural constitutional claim" here.

Second, the *Seila* case relied on by Plaintiff involved the Consumer Financial Protective Bureau. The Supreme Court explicitly noted as follows:

> Third, the CFPB's defenders note that the Social Security Administration (SSA) has been run by a single Administrator since 1994. That example, too, is comparatively recent and controversial. President Clinton questioned the constitutionality of the SSA's new single-Director structure upon signing it into law. *See* Public Papers of the Presidents, William J. Clinton, Vol. II, Aug. 15, 1994, pp. 1471–1472 (1995) (inviting a "corrective amendment" from Congress). In addition, unlike the CFPB, the SSA lacks the authority to bring enforcement actions against private parties. Its role is largely limited to adjudicating claims for Social Security benefits.

*Seila Law LLC*, 140 S. Ct. at 2202. This language suggests that the Supreme Court distinguished the CFBP from the SSA and that the rulings in *Seila* do not apply to the SSA. In light of this language, the fact that Plaintiff has cited no cases whatsoever to support its contention that *Seila* is applicable in the Social Security Administration context, and the fact that the undersigned's independent research has identified no such cases, the Court finds that Plaintiff's proposed amendment would be futile.

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Plaintiff's Motion to Amend Plaintiff's Complaint [DE 32] is **DENIED**. However, the Court does make a finding that Plaintiff has, at this stage of the litigation, preserved for appellate review the issues raised in his motion, including whether the for-cause removal provision of 42 U.S.C.§ 902(a)(3) causes the

4

SSA to be structured unconstitutionally in violation of the Separation of Powers doctrine, as that appears to be Plaintiff's concern in filing this Motion.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 28th day of December, 2020.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge