UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81572-CIV-MATTHEWMAN

JOSHUA L. BELLAMY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

FILED BY KJZ D.C.
Jun 22, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S PETITION FOR ATTORNEYS' FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT [DE 46]

**THIS CAUSE** is before the Court upon Plaintiff, Joshua L. Bellamy's ("Plaintiff") Petition for Attorneys' Fees Pursuant to the Equal Access to Justice Act ("Motion") [DE 46]. Defendant, Andrew M. Saul, Commissioner of Social Security ("Defendant" or "the Commissioner"), has filed a response [DE 50], and Plaintiff has filed a reply [DE 56]. This matter is ripe for review.

### I.     BACKGROUND

On January 23, 2018, Plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income, asserting a disability on-set date of December 20, 2016. [DE 12, p. 23]. The claims were denied initially and upon reconsideration. *Id.* Following a hearing on April 15, 2019, the ALJ issued a partially favorable decision on August 7, 2019. *Id.* at pp. 20-35. A request for review was filed by Plaintiff with the Appeals Council and denied on September 23, 2019. *Id.* at pp. 11-13.

On November 18, 2019, Plaintiff filed a Complaint with this Court. [DE 1]. The Court later entered an Order Granting Plaintiff's Motion for Referral to Volunteer Attorney Program. [DE

1

21]. Plaintiff's current counsel made an appearance in the case on July 30, 2020. [DEs 22, 23]. After additional litigation, including unsuccessful motions to remand and to amend the Complaint filed by Plaintiff, on October 5, 2020, Plaintiff filed his Motion for Summary Judgment [DE 31], arguing that the ALJ's decision in denying the disability application should be reversed and remanded. *Id.* Defendant filed a cross-motion for summary judgment [DE 35]. On March 5, 2021, the undersigned entered an Order on Motions for Summary Judgment [DE 44], granted Plaintiff's motion for summary judgment, denied Defendant's motion for summary judgment, and remanded to the Commissioner under Sentence Four of 42 U.S.C. § 405(g). The Court then entered a Judgment in favor of Plaintiff and against the Commissioner. [DE 45]. Thereafter, Plaintiff filed the pending Motion. Plaintiff has also filed a Notice of Appeal [DE 53].

The Court has carefully reviewed the Motion, the attached Declarations, Defendant's response, and Plaintiff's reply. Plaintiff is seeking an award of attorney's fees in the amount of $30,054.88. [DE 46, p. 1]. Plaintiff asserts that he has met the burden necessary to receive EAJA fees because Plaintiff's net worth did not exceed $2,000,000.00 when this Court reversed the decision of the Social Security Administration, judgment was entered, Plaintiff has prevailed, and the Commissioner's position was not substantially justified. *Id.* at pp. 3-4.

Plaintiff also contends that the hourly EAJA fee can be adjusted upwards for cost of living and requests an increase to the EAJA hourly rate in the amount of $226.25. [DE 20, pp. 4-8]. According to the Declaration of Joseph A. DiRuzzo, III, Esq. [DE 46-1], he spent 6.6 hours litigating Plaintiff's case. According to the Declaration of Daniel M. Lader, Esq. [DE 46-2], he spent 124.7 hours litigating Plaintiff's case. Plaintiff also argues he is entitled to fees for drafting his pending Motion. [DE 46, pp. 13-14].

## II.     ENTITLEMENT TO ATTORNEY'S FEES

This dispute is governed by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The EAJA states in pertinent part:

> "[A] court shall award to a prevailing party other than the United States" a reasonable attorney's fee and costs "incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

*See Taylor v. Heckler*, 778 F. 2d 674, 675 (11th Cir. 1985) (quoting 28 U.S.C. § 2412(d)(1)(A)). Under the EAJA, a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust. 28 U.S.C. § 2412(d); *Delaney v. Berryhill*, No. 17-81332-CIV, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018).

First, the law is clear that a plaintiff in a social security appeal prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993).

Second, an EAJA request is timely if it is made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). Here, on March 5, 2021, the Court entered an Order on Motions for Summary Judgment [DE 44]. The Court also entered a Judgment in favor of Plaintiff and against the Commissioner on March 5, 2021. [DE 45]. The Motion was filed on April 14, 2021; thus, it is timely.

Third, an EAJA motion must allege that the Commissioner's position was not substantially

justified, *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160 (1990), and then the Commissioner bears the burden to show that it was, *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). Here, the Motion alleges that the Commissioner's position was not substantially justified. In response, the Commissioner does not argue that his position throughout the case was substantially justified, but he rather contends that the Commissioner's positions opposing certain of Plaintiff's motions [DE 28, 33] were substantially justified. *See* DE 50, pp. 4-6. Therefore, the Commissioner's argument really goes to the number of hours reasonably expended by Plaintiff rather than to whether Plaintiff is entitled to any EAJA fees.

Finally, Plaintiff has filed a Declaration [DE 46-6] averring that his net worth was less than $2 million when he filed the case, and the Commissioner does not attempt to show otherwise.

The Court, therefore, finds that the first four conditions are met, and no special circumstances would make the award of fees unjust. Thus, Plaintiff is entitled to receive an EAJA award.

### III. REASONABLENESS OF ATTORNEY'S FEES CLAIMED

Next, attorney's fees requested pursuant to the EAJA must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that …attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Eleventh Circuit defines a "reasonable hourly rate" as "the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. Of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Blum v. Stenson*, 465 U.S. 895-96, n.11 (1984)). "The applicant bears the burden

of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Blanco v. Saul*, No. 18-21584-CIV, 2020 WL 7079164, at *2 (S.D. Fla. Oct. 20, 2020), *report and recommendation adopted,* No. 18-21584-CIV, 2020 WL 7074638 (S.D. Fla. Dec. 3, 2020) (quoting *Norman*, 836 F.2d at 1302 (internal citation omitted)).

A. Hourly Rate

In his Motion, Plaintiff asserts that his attorneys' hourly rate of $226.25 is reasonable and accounts for the cost of living increase. Plaintiff has come up with a seemingly novel formula utilizing the applicable CPI data for the metro area of "Miami-Fort Lauderdale-West Palm Beach, FL," available at https://www.bls.gov/cpi/regional-resources.htm. He calculates an attorney billing rate of $226.25 per hour for work completed in 2020 and work completed in 2021, yet he applies the CPI for the South Florida metro region from the month of February 2021 only. The calculation Plaintiff uses is shown below:

| 275.849 | CPI for All Urban Consumers (CPI-U), February 2021 |
| ÷152.4 | CPI for All Urban Consumer (CPI-U), March 1996 |
| = 1.81 | Multiplier based on Increased Cost-of-Living |
| x $125 | EAJA Statutory Limit set in March 1996 |
| =$226.25 | Requested Hourly Rate for Attorneys' Fees |

In response, Defendant objects to this hourly rate and argues that it is "not within the range of market rates for South Florida attorneys who represent plaintiffs in similar actions. The Commissioner contends that Plaintiff should be compensated at an hourly rate of no more than $207.78 for compensable work performed in 2020 and a rate of no more than $210.58 for

compensable work performed in 2021." [DE 50, p. 6]. The Commissioner cites to the U.S. Bureau of Labor Statistics CPI Inflation Calculator at https://www.bls.gov/data/inflation_calculator.htm.

In reply, Plaintiff argues that Defendant refused to confer to reach an agreed hourly rate, that Plaintiff has provided a clear formula for his calculated hourly rate, and that Defendant has waived any objections to the rate. [DE 56, pp. 8-9].

The EAJA provides that attorneys' fees "shall be based upon prevailing market rates for the kind and quality of the services furnished" but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).Thus, the EAJA expressly provides for a cost of living adjustment. *Sensat v. Berryhill*, No. 15-24727-CIV-SIMONTON, 2018 WL 5257143, at *6 (S.D. Fla. Oct. 22, 2018). When work is performed over the course of several years, the hourly rate should be calculated to correspond to the cost of living for each year that the work was performed, not the rate at the time when the award is made. *Sensat*, 2018 WL 5257143, at *6 (collecting cases). The "hourly rate should be calculated to correspond to the rate for the year that the work was performed, not the rate for the year that the application was made or when work was completed." *De La Caridad Brito v. Saul*, No. 19-CV-22911, 2020 WL 7248247, at *2 (S.D. Fla. Nov. 9, 2020), *report and recommendation adopted,* No. 1:19-CV-22911-KMM, 2020 WL 7241360 (S.D. Fla. Dec. 9, 2020) (citing *Sensat*, 2018 WL 5257143, at *6.).

As to the first step, based on the undersigned's own knowledge and expertise, the market rate in South Florida for services by lawyers of comparable skills, experience, and reputation exceeds $125 an hour.

Next, courts and the plaintiffs in this district widely utilize the Consumer Price Index for

All Urban Consumers ("CPI–U") to determine the cost of living increase. Plaintiff is, instead, using the Consumer Price Index specifically for "Miami-Fort Lauderdale-West Palm Beach, FL." Thus, the CPI index selected by Plaintiff is specific to South Florida's cost of living. However, the Court must still consider Plaintiff's requested rate compared to the prevailing market rate in this district for similar services by lawyers of reasonably comparable skills, experience, and reputation. While Plaintiff's formula does not appear on its face to be incorrect and there is no applicable case law that specifically precludes the use of a local cost of living index[1], the formula utilized by Plaintiff results in a rate that clearly exceeds the market rate in South Florida for services by lawyers of comparable skills, experience, and reputation. A second problem with Plaintiff's formula is that he calculated the entire fee based on the index for a single month (February 2021), which is improper based on the above-cited case law.

While Plaintiff has cited a plethora of case law regarding the calculation of a proper rate in social security cases, he has not cited cases from the Southern District of Florida, or even from the Eleventh Circuit, which directly support his requested rate or the use of the specific index he utilized. Plaintiff makes the conclusory argument in his Motion that "[t]he prevailing market rate for the type and quality of services undersigned counsel provided exceeds the CPI-U adjusted rate of $226.25; thus, Plaintiff requests an award of fees in the amount of $30,054.88." [DE 46, p. 8]. Plaintiff also states in a footnote in the Motion,

> To the extent the SSA disputes the rate, Plaintiff will provide an affidavit illustrating that the 'prevailing market rates for the kind and quality of the services furnished' in the South Florida metropolitan areas of Fort Lauderdale, Miami, and West Palm Beach exceed the $125 statutory limit after upward adjustments for the CPI-U, 28 U.S.C. § 2412(d)(2)(A), and that each of the undersigned who worked on this case are regularly billed at rates exceeding such. However, the Court can take judicial notice of the CJA rate, which is currently $155.00 per hour.

---

[1] *See Parrott v. Shulkin*, 851 F.3d 1242, 1249 (Fed. Cir. 2017) ("After considering the statutory text and the relevant cases, we think the local CPI approach, where a local CPI is available . . . is more consistent with EAJA than the national approach.).

7

*Id.* at p. 4. However, no affidavit was ever filed in support of the requested hourly rate, and Plaintiff has provided no evidence whatsoever in either the Motion or the reply to support his assertion that $226.25 is a proper and reasonable rate in a social security case in this district. Moreover, this Court knows, through its own knowledge and expertise, that this rate is too high. The Court finds such hourly rate to be unreasonable and excessive under the facts of this case.

The Court has independently reviewed applicable and recent case law. Courts in this district have consistently awarded lower rates than that requested by Plaintiff. *See*, *e.g.*, *Adams v. Saul*, No. 18-CV-24920, 2020 WL 5913430, at *3 (S.D. Fla. Sept. 18, 2020), *report and recommendation adopted,* No. 18-24920-CIV, 2020 WL 5912321 (S.D. Fla. Oct. 6, 2020); *Sanchez v. Saul*, No. 1:18-CV-24870-KMM, 2020 WL 6323962, at *3 (S.D. Fla. Sept. 8, 2020), *report and recommendation adopted,* No. 1:18-CV-24870-KMM, 2020 WL 6321954 (S.D. Fla. Oct. 28, 2020) (awarding a billable rate of $205.25 in 2020); *Castro v. Comm'r of Soc. Sec.*, No. 19-80918-CIV, 2020 WL 4015498, at *2 (S.D. Fla. July 16, 2020) (finding that $205.25 is a reasonable hourly rate); *De La Caridad Brito*, 2020 WL 7248247, at *2 (compensating Plaintiff's counsel at an hourly rate of $206.77 for work performed in 2020). The Court also emphasizes that neither of Plaintiff's lawyers has any real expertise in social security law, *see* DEs 46-1, 46-2, and that even attorneys who do have great expertise in social security law receive lower rates in this district.

The Court will adopt Defendant's suggested rates of $207.78 for compensable work performed in 2020 and $210.58 for compensable work performed in 2021. In fact, these rates are slightly higher (by a few dollars per hour) than those generally awarded in social security appeal cases in the Southern District of Florida. The Court finds those rates to be fair and reasonable under the facts of this case. In sum, based on the above factors and based upon the Court's own

knowledge and expertise in the award of attorney's fees, the Court finds that the following rates are reasonable and appropriate—$207.78 for compensable work performed in 2020 and $210.58 for compensable work performed in 2021.

### B. Hours Expended

With regard to the hours expended, Plaintiff's counsel's Affidavit includes detailed descriptions of the services performed and the time spent on each service. [DE 46-1]. Plaintiff's counsel billed a total of 131.3 hours between July 30, 2020 and March 31, 2021. *Id.* Only 22.4 of the hours billed were billed in 2021.

In response, Defendant argues that Plaintiff is seeking unnecessary and excessive hours. [DE 50, p. 3]. Defendant additionally contends that Plaintiff should be unable to recover fees for motions that were unsuccessful—the motion for remand and the motion to amend the complaint. *Id.* at p. 4. According to Defendant, Plaintiff's counsel expended at least 53 hours on those two motions. *Id.* Furthermore, Defendant believes its positions in opposing those motions were substantially justified. *Id.* at pp. 5-6. Finally, Defendant points out that Plaintiff's attorneys have improperly combined billing events. *Id.* at p. 5.

In reply, Plaintiff first asserts that Defendant was unwilling to properly confer pursuant to Local Rule 7.3(b) before the Motion was filed, and this failure to confer actually increased Plaintiff's attorney's fees unnecessarily. [DE 56, pp. 1-3]. Plaintiff concedes that, "while the issues in this case may not have been legally novel or complex," his counsel was required to go through the medical record meticulously and spend a great deal of time on the fact section in the motion for summary judgment. *Id.* at p. 5. Plaintiff argues that Defendant's "suggested reduction in time is not warranted" and that he has "failed to provide any specifically applicable facts or circumstances that rendered Plaintiff's claimed hours unreasonable." *Id.* at p. 6. According to

Plaintiff, his attorney's fees should not be reduced at all, but, if the Court does reduce the fees, it should either "1) apply an across-the-board reduction of 10% of Plaintiff's total hours claimed" or "2) apply the specific hour by hour analysis, rejecting the Government's arguments to the hours regarding the MSJ and 'fees on fees' briefings as inadequate, and reduce Plaintiff's total claimed hours by up to 53 hours for the time spent on the motion to remand (Doc. #25) and motion to amend complaint (Doc. #42), to the extent the Court finds such appropriate." *Id.* at p. 7.

The Court has carefully reviewed the billing entries [DE 46-1]. As an initial matter, the Court rejects Defendant's argument that all 53 hours that Plaintiff's counsel spent drafting the unsuccessful motion for remand and unsuccessful motion to amend should be wholly excluded from the fee award. It appears that Defendant is misapplying the "substantially justified position" body of law, which actually goes to whether a plaintiff is entitled to fees under the EAJA—and not to whether individual fees should be excluded. Moreover, there has been intervening law since the Court denied Plaintiff's motions, and Plaintiff is currently in the process of appealing the Court's rulings.

However, the Court does still find that the hours billed by Plaintiff's counsel should be reduced. First, it seems that the time billed is somewhat excessive and unnecessary. It should be noted that Plaintiff's counsel expended approximately 20 hours researching EAJA fees and preparing the fee petition—which is normally a much shorter and simpler process. Plaintiff's counsel also spent approximately 28 hours on his motion for summary judgment. Additionally, Plaintiff's counsel spent about 53 hours on the motion for remand and motion to amend the complaint. While the Court, of course, appreciates attorneys zealously representing their clients, it does seem that Plaintiff's counsel was overly litigious in this case, conducted some unnecessary research, filed some arguably unnecessary motions, and generally billed excessive hours.

10

Second, many of the billing entries contain block billing. This type of block billing is impermissible because it prevents the Court from determining which portion of the fees billed on a particular date is recoverable and which is not. *See Anish v. Nat'l Sec. Corp.*, No. 10-80330-CIV, 2014 WL 5034720, at *3 (S.D. Fla. July 3, 2014); *Hartford Acc. and Indem. Co. v. Crum & Forster Specialty Ins. Co.,* No. 10–24590–Civ, 2012 WL 5818138, at *4 (S.D. Fla. 2012). When attorneys provide vague billing entries and employ block billing, the Court cannot properly determine whether the hours billed are reasonable.

If fee applicants fail to exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the Court must exercise billing judgment for them. *Norman*, 836 F.2d at 1301 (emphasis in original). The burden rests on the movant to submit a comprehensive request for fees so the court can determine how much time was reasonably expended. *Loranger v. Stierheim,* 10 F.3d 776, 782 (11th Cir. 1994)). "But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011). In the instant case, the Court has carefully reviewed the entire docket and considered the parties' positions in an effort to achieve a fair and just result on Plaintiff's fee application.

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices; it may conduct an hour-by-hour analysis, or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). (citing *Loranger v. Stierheim,* 10 F.3d 776, 783 (11th Cir. 1994)). Here, the undersigned finds that

an across-the-board reduction is appropriate and will decline Plaintiff's suggestion that the Court complete an hour-by-hour analysis. The Court finds that a 25% reduction from the amount sought by Plaintiff is appropriate and reasonable. In this case, the Court finds that the time billed is somewhat excessive based on the facts and arguments, and such a reduction is necessary. Counsel billed a total of 108.9 hours in 2020 and 22.4 hours in 2021. Once those hours are reduced by 25% and multiplied by the hourly rates of $207.78 for work performed in 2020 and $210.58 for work performed in 2021, the total amount of fees is $20,513.37. Therefore, Plaintiff should be awarded a total of $20,513.37 in attorney's fees.

## IV. ASSIGNMENT OF FEES

Under the EAJA, attorney's fees awards are payable to the Plaintiff and subject to offset to satisfy any pre-existing debt that the litigant owes to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). There is no evidence in this case that Plaintiff has assigned any fees awarded under the EAJA to his attorney. Therefore, the fees should be provided directly to Plaintiff. However, if the Commissioner later determines Plaintiff does not owe a debt to the United States, the Commissioner may waive the Anti-Assignment Act's requirements and pay the EAJA fee award directly to Plaintiff's counsel. *See Delmarva Power & Light Co. v. U.S.*, 542 F.3d 889, 893-94 (Fed. Cir. 2008). Such decision, however, is for the Commissioner, not the Court.

## V. CONCLUSION

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Petition for Attorneys' Fees Pursuant to the Equal Access to Justice Act [DE 46] is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff is awarded $20,513.37 in attorney's fees.

3. The balance of the Motion is denied.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 22nd day of June, 2021.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge