UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81572-CIV-MATTHEWMAN

JOSHUA L. BELLAMY,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

FILED BY ___KJZ___ D.C.

Sep 20, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**ORDER GRANTING PLAINTIFF'S UNOPPOSED PETITION
FOR (APPELLATE) ATTORNEYS' FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT [DE 65]**

**THIS CAUSE** is before the Court upon Plaintiff, Joshua L. Bellamy's ("Plaintiff") Unopposed Petition for Attorneys' Fees Pursuant to the Equal Access to Justice Act ("Motion") [DE 65].

**I.   BACKGROUND**

On January 23, 2018, Plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income, asserting a disability on-set date of December 20, 2016. [DE 12, p. 23]. The claims were denied initially and upon reconsideration. *Id.* Following a hearing on April 15, 2019, the ALJ issued a partially favorable decision on August 7, 2019. *Id.* at pp. 20-35. A request for review was filed by Plaintiff with the Appeals Council and denied on September 23, 2019. *Id.* at pp. 11-13.

On November 18, 2019, Plaintiff filed a Complaint with this Court. [DE 1]. The Court later entered an Order Granting Plaintiff's Motion for Referral to Volunteer Attorney Program. [DE 21]. Plaintiff's current counsel made an appearance in the case on July 30, 2020. [DEs 22, 23].

1

After additional litigation, including unsuccessful motions to remand and to amend the Complaint filed by Plaintiff, on October 5, 2020, Plaintiff filed his Motion for Summary Judgment [DE 31], arguing that the ALJ's decision in denying the disability application should be reversed and remanded. *Id.* Defendant filed a cross-motion for summary judgment [DE 35]. On March 5, 2021, the undersigned entered an Order on Motions for Summary Judgment [DE 44], granted Plaintiff's motion for summary judgment, denied Defendant's motion for summary judgment, and remanded to the Commissioner under Sentence Four of 42 U.S.C. § 405(g). The Court then entered a Judgment in favor of Plaintiff and against the Commissioner. [DE 45].

On May 3, 2021, Plaintiff filed a Notice of Appeal [DE 53]. On August 17, 2021, the United States Court of Appeals for the Eleventh Circuit issued an Order of Remand in case number 21-11506-JJ. [DE 61]. The Eleventh Circuit granted the Consent Motion for Vacatur and Remand to the District Court; vacated the District Court's September 14, 2020, December 28, 2020, and March 5, 2021 orders and the March 5, 2020 judgment; and remanded the case to the District Court so that the District Court can reassess its decision light of the *Carr* case and conduct any additional proceedings that the Court deems necessary is light of that intervening decision. *Id.*

On August 27, 2021, Plaintiff filed the pending Motion [DE 65], along with Declarations by both counsel [DEs 65-1, 65-2], a Net Worth Declaration by Plaintiff [DE 65-3], and emails between counsel [DE 65-4].

The Court has carefully reviewed the Motion and attachments. Plaintiff is seeking an award of attorney's fees in the amount of $10,844.87 plus an award of costs in the amount of $55.53 and an award of expenses in the amount of $23.45. [DE 65 at 1].

## II.     ENTITLEMENT TO ATTORNEY'S FEES

This dispute is governed by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The EAJA states in pertinent part:

> "[A] court shall award to a prevailing party other than the United States" a reasonable attorney's fee and costs "incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

*See Taylor v. Heckler*, 778 F. 2d 674, 675 (11th Cir. 1985) (quoting 28 U.S.C. § 2412(d)(1)(A)). Under the EAJA, a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust. 28 U.S.C. § 2412(d); *Delaney v. Berryhill*, No. 17-81332-CIV, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018).

First, Plaintiff here is clearly the prevailing party as he appealed certain decisions of this Court, the Government did not cross appeal, and the Eleventh Circuit ordered remand and directed the District Court to reconsider the decisions. Moreover, the Commissioner does not dispute Plaintiff's entitlement to fees. [DE 65 at 1].

Second, an EAJA request is timely if it is made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). Here, on August 17, 2021, the United States Court of Appeals for the Eleventh Circuit issued an Order of Remand. [DE 61]. The Motion was filed on August 27, 2021; thus, it is timely.

Third, an EAJA motion must allege that the Commissioner's position was not substantially justified, *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160 (1990), and then the Commissioner bears the

burden to show that it was, *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). Here, Plaintiff has alleged that the Government's "litigating position was not substantially justified." [DE 65 at 4-5]. The Commissioner has not contested this assertion and has reached an agreement with Plaintiff regarding an award of attorney's fees.

Finally, Plaintiff has filed a Declaration [DE 65-3] averring that his net worth was less than $2 million when he filed the case, and the Commissioner does not attempt to show otherwise.

The Court, therefore, finds that the first four conditions are met, and no special circumstances would make the award of fees unjust. Thus, Plaintiff is entitled to receive an EAJA award.

### III.     REASONABLENESS OF ATTORNEY'S FEES CLAIMED

Next, attorney's fees requested pursuant to the EAJA must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that …attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Eleventh Circuit defines a "reasonable hourly rate" as "the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. Of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Blum v. Stenson*, 465 U.S. 895-96, n.11 (1984)). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Blanco v. Saul*, No. 18-21584-CIV, 2020 WL 7079164, at *2 (S.D. Fla. Oct. 20, 2020), *report and recommendation adopted,* No. 18-21584-CIV, 2020 WL 7074638 (S.D. Fla. Dec. 3, 2020) (quoting *Norman*, 836 F.2d at 1302 (internal citation omitted)).

The EAJA provides that attorneys' fees "shall be based upon prevailing market rates for the kind and quality of the services furnished" but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Thus, the EAJA expressly provides for a cost of living adjustment. *Sensat v. Berryhill*, No. 15-24727-CIV-SIMONTON, 2018 WL 5257143, at *6 (S.D. Fla. Oct. 22, 2018). When work is performed over the course of several years, the hourly rate should be calculated to correspond to the cost of living for each year that the work was performed, not the rate at the time when the award is made. *Sensat*, 2018 WL 5257143, at *6 (collecting cases). The "hourly rate should be calculated to correspond to the rate for the year that the work was performed, not the rate for the year that the application was made or when work was completed." *De La Caridad Brito v. Saul*, No. 19-CV-22911, 2020 WL 7248247, at *2 (S.D. Fla. Nov. 9, 2020), *report and recommendation adopted,* No. 1:19-CV-22911-KMM, 2020 WL 7241360 (S.D. Fla. Dec. 9, 2020) (citing *Sensat*, 2018 WL 5257143, at *6.).

Here, Plaintiff is represented by attorney Joseph A. DiRuzzo, III, Esq., and Daniel M. Lader, Esq.  Plaintiff seeks a total EAJA award of $10,844.87 in fees—to account for 51.5 billable hours of Mr. Lader's and Mr. DiRuzzo's time spent on this matter at an hourly rate of $210.58. Mr. DiRuzzo has provided a time log [DE 65-1], which contains a detailed breakdown of the tasks performed, when the tasks were performed, and how long it took to perform them. Plaintiff's counsel have also incurred $55.53 in printing costs and $23.45 in postage expenses.  [DE 65-1].

Drawing upon its own knowledge and expertise in the award of attorney fees, the Court finds that the hours spent are reasonable and that the hourly rate sought—which accounts for applicable cost of living adjustments, 28 U.S.C. § 2412(d)(2)(A)(ii)—is in full accord with

5

applicable statutory standards. *See Norman*, 836 F.2d at 1303 ("The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."). The Court notes that it previously determined that Plaintiff's counsel should be compensated at a rate of $210.58 per hour in this case. [DE 60 at 8]. Mr. Lader's and Mr. DiRuzzo's work in this case included communicating with their client about this case; filing briefing in the Eleventh Circuit appeal; researching the issues involved and applicable law; and generally litigating the appeal. The Court readily finds that Plaintiff is entitled to the requested attorney's fee amount of $10,844.87 plus $55.53 in costs and $23.45 in expenses. Finally, the Court notes that the Commissioner has agreed to this award. [DE 65 at 1].

### IV. ASSIGNMENT OF FEES

Under the EAJA, attorney's fees awards are payable to the Plaintiff and subject to offset to satisfy any pre-existing debt that the litigant owes to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). There is no evidence in this case that Plaintiff has assigned any fees awarded under the EAJA to his attorney. Therefore, the fees should be provided directly to Plaintiff. However, if the Commissioner later determines Plaintiff does not owe a debt to the United States, the Commissioner may waive the Anti-Assignment Act's requirements and pay the EAJA fee award directly to Plaintiff's counsel. *See Delmarva Power & Light Co. v. U.S.*, 542 F.3d 889, 893-94 (Fed. Cir. 2008). Such decision, however, is for the Commissioner, not the Court.

### V. CONCLUSION

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Unopposed Petition for Attorneys' Fees Pursuant to the Equal Access to Justice Act [DE 65], related to the appeal to the Eleventh Circuit, is **GRANTED**.

2. Plaintiff is awarded $10,844.87 in appellate attorney's fees, plus $55.53 in costs and $23.45 in expenses, for a total award of $10,923.55.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 20th day of September, 2021.

*/s/ William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge